# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 19, 2010

No. 09-50575
Summary Calendar

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

NEXHMI MENA, also known as Nedzmi Mena, also known as Nedjimi Mena,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:09-CR-574-1

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Nexhmi Mena appeals the 41-month within-guidelines sentence imposed following his guilty plea to illegal reentry following deportation, in violation of 8 U.S.C. § 1326. Mena argues that his sentence is unreasonable because the illegal reentry guidelines double count a defendant's criminal record, resulting in a sentencing range that is greater than necessary to meet the goals of 18 U.S.C. § 3553(a). He also argues that his sentence overstates the seriousness of the offense of conviction and fails to account for his personal history and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

circumstances, namely, his family-related motives for reentering the United States.

Because Mena did not object in the district court to the reasonableness of his sentence, review is for plain error. *United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009). To demonstrate plain error, Mena "must show an error that is clear or obvious and affects his substantial rights." *Id.* at 260 (citation omitted). "If [Mena] makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.*

This court has rejected Mena's argument that using a prior conviction to determine the applicable offense level as well as a defendant's criminal history score results in impermissible double counting. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir.), *cert. denied*, 129 S. Ct. 328 (2009)..

Because the district court imposed a sentence within a properly calculated guidelines range, it is presumptively reasonable. *See Rita v. United States*, 551 U.S. 338, 346-47 (2007); *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008). Mena's argument that his sentence is substantively unreasonable in light of the non-violent nature of the offense of conviction and his family related motives for reentering the United States is insufficient to overcome the presumption of reasonableness afforded his within-guidelines sentence. *See, e.g., United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008) (upholding the presumption of reasonableness of a within-guidelines sentence where the appellant argued that the Guidelines overstated the seriousness of his offense and his motive for returning justified a sentence below the guidelines range).

AFFIRMED.